Shirley A. Forney, Plaintiff, *v.* Harrisburg State Hospital, Director—Harrisburg State Hospital, Dr. Lebengood, George Madera, Miss Dawson, Jane Doe, Harrisburg Hospital, Dr. Spriggs and Dr. Gustuson, Defendants.

Submitted on briefs, December 6, 1974, to Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Kent H. Patterson,* with him *Cleckner and Fearen,* for plaintiff.

*Barry A. Roth,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for defendant State Hospital.

*James K. Thomas,* with him *Joseph P. Hafer,* and *Metzger, Hafer, Keefer, Thomas and Wood,* for defendant Harrisburg Hospital.

*Edward E. Knauss, III,* for defendants, Lebengood, Madera and Dawson.

OPINION BY JUDGE BLATT, March 17, 1975:

Once again we have before us the issue of sovereign immunity. This time the issue is asserted in preliminary objections to a complaint in trespass brought by Shirley A. Forney against the Harrisburg State Hospital, a hospital of the Commonwealth of Pennsylvania, along with some of its employees, and also against the Harrisburg Hospital, a private institution, along with some of its employees. The complaint, having been filed originally in the Court of Common Pleas of Dauphin County, was transferred to this Court in view of the fact that the Commonwealth was a party.[1] The plaintiff claims that she suffered injuries to her face, hands, back, ankle, and feet resulting from having been kicked, having had a door closed on her, and having been burned from scalding water and cigarettes, all while under the defendants' care. She asserts eight counts in tort against the State Hospital and three of its employees, and one count in tort against the private hospital and its employees. Before

---

1. See the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401 (Supp. 1974-1975), wherein exclusive jurisdiction for civil actions against the Commonwealth or its agencies is vested in this Court.

us now are (1) the preliminary objections of the Commonwealth raising the defense of sovereign immunity as to the allegations against the Harrisburg State Hospital; (2) the new matter raised by the three state hospital employees, insofar as it raises the defense of conditional immunity[2]; and (3) the preliminary objections of the Harrisburg Hospital challenging this Court's jurisdiction over an institution which is not an agent of the Commonwealth.

Inasmuch as we have held, in *McCoy v. Liquor Control Board*, 9 Pa. Commonwealth Ct. 107, 305 A.2d 746 (1973), aff'd per curiam —— Pa. —— 326 A.2d 396 (1974), that state hospitals are among those state agencies immune from suits in tort under Article I, Section 11 of the Pennsylvania Constitution, *see, Biello v. Pennsylvania Liquor Control Board*, 454 Pa. 179, 301 A.2d 849 (1973), we must sustain the Commonwealth's preliminary objections, and the complaint as to the Harrisburg State Hospital must, therefore, be dismissed.

A more difficult question is presented concerning whether or not this Court has continuing jurisdiction over any possible remaining causes of action. Our original jurisdiction is defined to include:

"(1)   All civil actions or proceedings against the Commonwealth or *any officer* thereof, acting in his official capacity. . . ." Section 401(a)(1) Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S.§211.401(a)(1), (Supp. 1974-1975). (Emphasis added.)

---

2. Curiously enough the proper procedure by which to raise the defense of immunity from suit is by new matter under Pa. R.C.P. 1030 as it applies to this Court under Rule 119 of the Revised Rules of the Commonwealth Court of Pennsylvania. Most frequently, however, the defense has been raised and treated as preliminary objections as the Harrisburg State Hospital has done here. For the purpose of judicial economy we shall assume that all such defenses are now properly before us.

The Harrisburg Hospital, a private institution, clearly falls outside the ambit of our original jurisdiction. As to the state hospital employees, however, we must ask whether or not they are officers of the Commonwealth and thus brought within our original jurisdiction. We think that they are not.

The act fails to define the term "officer" and so it must be accorded its common and approved usage. 1 Pa. C.S. §1903(a). Our Courts clearly distinguish officers from employees, describing officers generally as those persons to whom are delegated some of the sovereign functions of government, to be exercised by them for the benefit of the public. Employees in public service, on the other hand, merely exercise subordinate ministerial functions. *Finley v. McNair*, 317 Pa. 278, 176 A.10 (1935); *Hetkowski v. School District of Borough of Dickson City*, 141 Pa. Superior Ct. 526, 15 A.2d 470 (1940); *Kosek v. Wilkes-Barre Township School District*, 110 Pa. Superior Ct. 295, 168 A.518 (1933). The complaint here designates the three individual state hospital defendants as a "staff doctor," a "practical nurse," and last a "nonmedical employee." As thus described, therefore, they enjoy none of the characteristics of officers of the Commonwealth and must, therefore, be treated as employees within the meaning of the Appellate Court Jurisdiction Act. We lack jurisdiction, therefore, to rule upon the remaining causes of action asserted against these individual state hospital employees, and must remand the case to the Court of Common Pleas of Dauphin County, which has such jurisdiction. As we said in *DuBree v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973) public employees who are not high public officials, as is the case here, have conditional immunity from tort liability for acts of ordinary negligence when acting within the scope of their authority. They lose that immunity, however, when their conduct occurs outside the scope of their authority and is

allegedly intentional, malicious, wanton or reckless. *See Hart v. Spectrum Arena, Inc.,* 15 Pa. Commonwealth Ct. 584, 329 A.2d 311 (1974). As we review the allegations of the plaintiff's complaint, we find that two of the individual defendants are alleged in separate counts to have acted beyond the scope of their authority in that they intentionally, willfully and maliciously harmed the plaintiff. As to those counts, the defendants, we think, are not entitled to immunity from suit.

We, therefore, issue the following

ORDER

AND NOW, this 17th day of March, 1975, the preliminary objections of the Harrisburg State Hospital, are hereby sustained and the plaintiff's complaint as to that defendant is dismissed.

It is further ordered that, as to the three individual state hospital employees and the Harrisburg Hospital, pursuant to Section 503 (b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.503 (b) (Supp. 1974-1975) and Pa. R.C.P. 213, the remaining causes of action shall be and they are hereby transferred to the Court of Common Pleas of Dauphin County.

The Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Dauphin County a photocopy of the docket entries in this Court of the above matter and transmit to him the record thereof.