Rocco Trulli, Administrator of the Estate of Lucy Trulli, Deceased, Plaintiff *v.* City of Philadelphia, Commonwealth of Pennsylvania, Department of Transportation of the Commonwealth of Pennsylvania, Joseph P. Synkonis, Jr., Joseph Brocco, Harold A. Humbert, William Hughes, Richard Brocco, Marvin Johnson, John Kurczewski, John Tracey, Daniel S. Miller, Robert L. Rowland, Joseph P. Wade, Richard G. Windisch, William A. Lamb and Clarke E. Whitesell, Defendants.

Argued December 4, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Vincent B. Corsetti*, with him *Melvin Alan Bank*, and *Bank, Minehart & D'Angelo*, for plaintiff.

*Joseph Goldberg*, Assistant Attorney General, with him *Stuart J. Moskovitz*, Assistant Attorney General, *Robert W. Cunliffe*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for defendant, Commonwealth.

*Brian T. Guthrie*, Assistant City Solicitor, for defendant, City of Philadelphia.

*Edwin L. Scherlis*, with him *Frank and Margolis*, for additional defendants.

OPINION BY JUDGE BLATT, March 9, 1976:

This case involves the application of the doctrine of sovereign immunity, as raised by defendants' preliminary objections. The plaintiff, Rocco Trulli, Administrator of the Estate of Lucy Trulli, filed a complaint in trespass in the Court of Common Pleas of Philadelphia County against the City of Philadelphia, the Commonwealth of Pennsylvania (Commonwealth), the Department of Transportation of the Commonwealth of Pennsylvania (PennDOT) and fourteen individual defendants (Joseph P. Synkonis, Jr., Joseph Brocco, Harold A. Humbert, William Hughes, Richard Brocco, Marvin Johnson, John Kurczewski, John Tracey, Daniel S. Miller, Robert L.

Rowland, Joseph P. Wade, Richard G. Windisch, William A. Lamb and Clarke E. Whitesell). The case was transferred to this Court upon the preliminary objections filed on behalf of the Commonwealth and PennDOT challenging the jurisdiction of the Philadelphia County Court and raising the issue of absolute sovereign immunity. The individual defendants filed preliminary objections in the nature of a demurrer and asserted the defense of conditional sovereign immunity as public officials of the Commonwealth. The City of Philadelphia has answered the complaint and is not involved in our consideration of the preliminary objections filed by the other parties. The complaint alleges that the defendants are liable for damages resulting from an accident occurring on the University Avenue Bridge in Philadelphia, Pennsylvania, which resulted in the death of Lucy Trulli.

The Pennsylvania Constitution, Article I, Section 11, provides, *inter alia,* that "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." This provision has consistently been held to provide the Commonwealth with absolute sovereign immunity from suit. *Forney v. Harrisburg State Hospital,* 18 Pa. Commonwealth Ct. 17, 336 A.2d 709 (1974) ; *DuBree v. Commonwealth,* 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973) ; *Brown v. National Guard,* 3 Pa. Commonwealth Ct. 457 (1971). The state agency, PennDOT, is included under the umbrella of protection of the Commonwealth's absolute sovereign immunity. *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973) ; *Hart v. Spectrum Arena, Inc.,* 15 Pa. Commonwealth Ct. 584, 329 A.2d 311 (1974) ; *Lehnig v. Felton,* 235 Pa. Superior Ct. 100, 340 A.2d 564 (1975). The preliminary objections filed on behalf of both the Commonwealth and PennDOT are, therefore, sustained and the complaint is dismissed as to these defendants.

Dismissal of the complaint as to the Commonwealth and PennDOT raises the question of this Court's jurisdiction over the remaining possible causes of action. Section 401 of the Appellate Court Jurisdiction Act of 1970, (Act), Act of July 31, 1970, P. L. 673, *as amended,* (Act), 17 P.S. §211.401, provides, *inter alia,* that

"(a) The Commonwealth Court shall have original jurisdiction of:

"(1) All civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity. . . ."

The term "officers" was not defined by the Act, but "officers" has been determined to mean individuals "to whom are delegated some of the sovereign functions of government, to be exercised by them for the public benefit." *Forney, supra,* 18 Pa. Commonwealth Ct. at 21, 336 A.2d at 711. The individual defendants' preliminary objections assert that they are employees of the Commonwealth and conditionally immune from trespass actions. Inasmuch as employees in public service are individuals who merely exercise subordinate ministerial functions, it would appear that, by their own characterization, the individual defendants are not officers of the Commonwealth within the meaning of the Appellate Court Jurisdiction Act. Following our holding in *Forney, supra,* therefore, this Court lacks jurisdiction to rule upon the preliminary objections of the individual defendants. We must, therefore, transfer the case now to the Court of Common Pleas of Philadelphia County.

We, therefore, issue the following

ORDER

AND, NOW, this 9th day of March 1976, the preliminary objections of the Commonwealth of Pennsylvania and its agency, the Department of Transportation, are hereby granted and the plaintiff's complaint as to these defendants is dismissed.

Having dismissed the cause of action as to the Commonwealth and PennDOT, this Court is without jurisdiction over the cause of action asserted against the individual defendants. However, pursuant to Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, *as amended,* 17 P. S. §211.503 (b), this case is transferred to the Court of Common Pleas of Philadelphia County for determination of the preliminary objections of the individual defendants.

The Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Philadelphia County a photocopy of the docket entries in this Court of the above matter and transmit to him the record thereof.