George W. Schroeck, Esquire, Plaintiff *v.* The Pennsylvania State Police, Commissioner James Barger, Major Patrick Hankinson, Lieutenant Charles Klodell, Sergeant John Loftus, Trooper John Martin, Trooper Timothy A. Baker, Trooper Lee Pierce, Betty Norman, District Attorney Robert Chase, Asst. District Attorney Charles Agresti, Asst. District Atty. Frank Kroto, the Houston General Insurance Company of Fort Worth, Texas and the Gulf-Western Insurance Company of Dallas, Texas, Defendants.

Argued March 3, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*George W. Schroeck*, plaintiff, for himself.

*F. Murray Bryan*, with him *McNees, Wallace & Nurick; John W. Beatty; Knox, Graham, Pearson, Mc-Laughlin & Sennett, Inc.;* and *Lawrence F. Clark, Jr.,* Assistant Attorney General, for defendants, Pennsylvania State Police, Commissioner James Barger, Major Patrick Hankinson, Lieutenant Charles Klodell, Sergeant John Loftus, Troopers John Martin, Timothy A. Baker, Lee Pierce, The Houston General Insurance Company of Fort Worth, Texas, and the Gulf-Western Insurance Company of Dallas, Texas.

*Michael J. Visnosky*, with him *Carney, Good, Brabender, Palmisano & Walsh*, for defendant, Norman.

*Edward E. Knauss, III*, with him *Metzger, Wickersham, Knauss & Erb*, for defendants, District Attorney Robert Chase and Assistant District Attorneys Charles Agresti and Frank Kroto.

44

OPINION BY PRESIDENT JUDGE BOWMAN, August 9, 1976:

Plaintiff filed a complaint in this Court on his own behalf and on behalf of a class of persons whom he purports to represent alleging violations of Sections 1983 and 1985 of the Federal Civil Rights Act[1] and various other causes of action, including, *inter alia*, invasion of privacy, false arrest and malicious prosecution. Plaintiff seeks civil damages, the appointment of a special prosecutor and injunctive relief against the continuance of the alleged wrongdoing of the defendants. Presently before us are numerous preliminary objections filed by the various defendants, including petitions raising questions of jurisdiction and demurrers based on assertions of immunity. Because of our disposition of the jurisdictional and immunity issues, we find it unnecessary to deal with the other preliminary objections raised.

Article I, Section 11, of the Pennsylvania Constitution has consistently been held to provide the Commonwealth with absolute sovereign immunity from civil liability. *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973); *DuBree v. Commonwealth,* 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973). This immunity extends to actions in equity. *Ross v. Keitt,* 10 Pa. Commonwealth Ct. 375, 308 A.2d 906 (1973), *aff'd,*    Pa.    , 353 A.2d 841 (1976).

The Pennsylvania State Police is an instrumentality of the Commonwealth and clearly entitled to the protection of sovereign immunity. *Biello, supra.* Consequently, the complaint, as to it, must be dismissed.

With respect to the other defendants,[2] this case is controlled by our decisions in *Freach v. Common-*

---

[1] 42 U.S.C. §§1983, 1985.

[2] The defendants, in addition to The Pennsylvania State Police, are: Commissioner James Barger, Major Patrick Hankinson, Lieu-

*wealth,* 23 Pa. Commonwealth Ct. 546, 354 A.2d 908 (1976); *Forney v. Harrisburg State Hospital,* 18 Pa. Commonwealth Ct. 17, 336 A.2d 709 (1975), and *Du-Bree, supra.*

In *DuBree, supra,* we reaffirmed the continuing vitality of the doctrine of sovereign immunity and, in addition, held that "high public officials," when acting within the scope of their authority, enjoy absolute immunity from civil liability with respect to their official communications and acts. *See Jonnet v. Bodick,* 431 Pa. 59, 244 A.2d 751 (1968); *Montgomery v. Philadelphia,* 392 Pa. 178, 140 A.2d 100 (1958); *Matson v. Margiotti,* 371 Pa. 188, 88 A.2d 892 (1952). We also indicated that other public officers and employees who are not entitled to absolute immunity, are nonetheless entitled to conditional immunity when acting within the scope of their authority. The conditions to this immunity are that the conduct must not be intentionally malicious, wanton or reckless. 8 Pa. Commonwealth Ct. at 574, 303 A.2d at 534.

With regard to the meaning of the term "high public official," Judge BLATT, speaking for the Court, stated:

"The Supreme Court, however, has yet to define clearly who is a 'high public official.' In Montgomery v. Philadelphia, supra, it suggests that the test of whether or not a public officer is in that category 'should depend upon the nature of his duties, the importance of his office, and particularly whether or not he has policymaking functions.' 392 Pa. at 186, 140 A.2d at 105." 8 Pa. Commonwealth Ct. at 571, 303 A.2d at 532.

---

tenant Charles Klodell, Sergeant John Loftus, Trooper John Martin, Trooper Timothy A. Baker, Trooper Lee Pierce, District Attorney Robert Chase, Assistant District Attorney Charles Agresti, Assistant District Attorney Frank Kroto, The Houston General Insurance Company of Fort Worth, Texas, the Gulf-Western Insurance Company of Dallas, Texas, and Betty Norman.

Applying this criterion, we indicated in *DuBree, supra,* that the Secretary of Highways [now Secretary of Transportation] was a "high public official."[3]

In addition to determining whether a particular defendant is a "high public official" within the protection of the absolute immunity doctrine, this Court is also confronted with a threshold determination as to whether a defendant is an officer of the Commonwealth for purposes of our jurisdiction. Section 401 (a)(1) of the Appellate Court Jurisdiction Act of 1970[4] (ACJA), grants this Court exclusive original jurisdiction over civil actions or proceedings against the Commonwealth and its *officers.* We do not enjoy original jurisdiction, exclusive or otherwise, over *employees* of the Commonwealth nor over officers (including "high public officials") of political subdivisions.[5] As with the term "high public official," there is no precise definition of "officer." Judge BLATT, speaking for this Court in *Forney, supra,* stated:

"The act fails to define the term 'officer' and so it must be accorded its common and approved usage. 1 Pa. C.S. §1903(a). Our Courts clearly distinguish officers from employees, describing officers generally as those persons to whom are delegated some of the sovereign functions of government, to be exercised by them for the benefit of the public. Employees in public service, on the other hand, merely exercise subordi-

---

[3] Subsequent decisions of this Court have attributed that status to numerous other officials. *See Freach, supra; Forney, supra; Kovach v. Toensmeier Adjustment Service, Inc.,* 14 Pa. Commonwealth Ct. 214, 321 A.2d 422 (1974); *McCoy v. Liquor Control Board,* 9 Pa. Commonwealth Ct. 107, 305 A.2d 746 (1973).

[4] Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401 (a)(1).

[5] 17 P.S. §211.102(a)(2) specifically excludes political subdivisions from the definition of "Commonwealth".

nate ministerial functions.'' 18 Pa. Commonwealth Ct. at 21, 336 A.2d at 711.

In *Forney, supra,* and more recently in *Freach, supra,* we dismissed complaints as to defendants found to be officers and ''high public officials'' of the Commonwealth on the grounds of absolute immunity, while transferring the actions as to other defendants found to be either employees of the Commonwealth or purely private parties. We believe the present facts call for similar disposition. Thus, we now turn to a consideration of the status of the named individual defendants.

Commissioner James Barger is clearly an officer of the Commonwealth, and we have no hesitation in declaring that he is a ''high public official'' entitled to absolute immunity. He is the ranking officer of The Pennsylvania State Police and holds an office of importance with broad policymaking authority. His position is analogous to that of the Secretary of Highways, found to be a ''high public official'' in *DuBree, supra.*

With regard to Major Patrick Hankinson, we note that during the period in which most of the alleged wrongdoing of the defendants occurred, he held the position of captain and was in charge of Troop E, Lawrence Park. Thus, it is in this capacity that we shall consider his official status. We believe that a state police Captain in command of all activities and personnel of a local troop holds an office of sufficient importance and with policymaking functions that warrant this position to be one of a ''high public official''. Thus, both Barger and Hankinson are entitled to absolute immunity from civil liability. Such immunity, of course, does not extend to actions within the rationale of *Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 190 A.2d 111 (1963). *Also see Koynok v. Commonwealth,* 12 Pa. Commonwealth Ct.

375, 316 A.2d 118 (1974). However, we have examined the complaint carefully and find no allegation of any affirmative acts on the part of Barger or Hankinson bringing them within the rationale of these decisions. Consequently, we dismiss the complaint in its entirety as to these defendants.

Next, in rank, among the state police defendants is Lieutenant Charles Klodell. The complaint identifies Klodell as the officer in charge of criminal law enforcement with supervisory powers over the remaining state police defendants. While Klodell is certainly an "officer" within the military nomenclature of the state police, we do not believe he is an "officer of the Commonwealth" within the meaning of the ACJA. This is not to say that his position is not one of importance involving considerable responsibility.[6] However, the Lieutenant's position is, in our view, largely ministerial and it cannot be said that he has been delegated some of the "sovereign functions of government." *See Forney, supra.* It follows from this that the remaining state police defendants, a Sergeant and three troopers, are clearly employees and not officers of the Commonwealth. Thus, an action against these defendants is not within our exclusive original jurisdiction.

With respect to District Attorney Robert Chase and Assistant District Attorneys Charles Agresti and Frank Kroto, we note that our decision in *Freach, supra,* determined such officers to be "high public officials" entitled to absolute immunity. This position is strengthened by the recent United States Supreme Court case of *Imbler v. Pachtman,* 44 U.S.L.W. 4250 (U.S. March 2, 1976). Moreover, in *Freach,* we dismissed complaints as to a district attorney and an as-

---

[6] In *Forney, supra,* we found a "staff doctor" to be an employee and not an officer of the Commonwealth.

sistant, thus implicitly holding them to be "officers of the Commonwealth," within our jurisdiction. We now feel that this was an error. District attorneys and their assistants are officers of the counties in which they are elected and not officers of the Commonwealth.[7] Thus, even though these defendants are clearly entitled to immunity, we lack jurisdiction to so hold.

The remaining defendants, The Houston General Insurance Company of Fort Worth, Texas, Gulf-Western Insurance Company of Dallas, Texas, and Betty Norman, are all purely private parties and clearly not within our exclusive original jurisdiction as to causes of action against officers of the Commonwealth.

Accordingly, we enter the following

ORDER

Now, August 9, 1976, the preliminary objections of The Pennsylvania State Police, Commissioner James Barger and Major Patrick Hankinson are hereby sustained and plaintiff's complaint is dismissed as to these defendants. As to the remaining defendants, this matter is transferred to the Court of Common Pleas of Erie County pursuant to Section 503(b) of the Appellate Court Jurisdiction Act of 1970, 17 P.S. §211.503 (b), for disposition of preliminary objections heretofore filed and undisposed of and further proceedings thereafter, if necessary.

The Chief Clerk shall certify to the Prothonotary of said court photocopies of the docket entries of the

---

[7] Section 401(a) (11) of The County Code, Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §401(a) (11) ; *see also supra* note 5 and *Chalfin v. Specter*, 426 Pa. 464, 233 A.2d 562 (1967), *rev'g Commonwealth ex rel. Specter v. Martin*, 426 Pa. 102, 232 A.2d 729 (1967). With specific regard to assistant district attorneys *see Commonwealth ex rel. Specter v. Moak*, 452 Pa. 482, 307 A.2d 884 (1973).

above captioned matter and transfer to him the record thereof.

Judge ROGERS dissents.

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I am in agreement with all propositions enunciated by the majority except that portion of the opinion dealing with absolute immunity of the District Attorney and his various assistants. Like the majority, I now feel that District Attorneys are not "officers of the Commonwealth" within our jurisdiction. However, I must reiterate my position expressed in *Freach v. Commonwealth*, 23 Pa. Commonwealth Ct. 546, 354 A.2d 908 (1976), that there are some activities aside from the investigative and prosecutorial duties of a District Attorney which would, when engaged in by a District Attorney, visit upon him no absolute immunity. Further, I do not feel that the recent U. S. Supreme Court case of *Imbler v. Pachtman*, 44 U.S.L.W. 4250 (U.S. March 2, 1976), grants the blanket immunity contemplated by the majority.

In summary, I maintain my position taken in *Freach*.