Stephen J. Tokar, Administrator of the Esstate of Melva Tokar, Deceased, Plaintiff *v.* Commonwealth of Pennsylvania, Pennsylvania Department of Transportation et al., Defendants.

384

Argued February 4, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*David A. McVey,* with him *Stevens, Clark, Laubach & Semple,* for plaintiff.

*Richard S. Herskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for de-

fendant, Commonwealth of Pennsylvania, Department of Transportation.

*John L. Sweezy,* Assistant Attorney General, with him *Theodore A. Adler,* Chief Counsel, Department of General Services, for defendants Kopitnik, Valko, Maruca, Hetrick, Delogier and Bender.

OPINION BY JUDGE BLATT, March 25, 1977:

The plaintiff, Stephen J. Tokar, Administrator of the Estate of Melva Tokar, filed a trespass complaint in this Court against the Commonwealth of Pennsylvania (Commonwealth), the Pennsylvania Department of Transportation (PennDOT) and six individuals employed in various capacities by PennDOT. The complaint alleges that an automobile accident which occurred on July 16, 1975 had been caused by the defendant's negligent maintenance of Route 22, Cambria County, Pennsylvania, and that the plaintiff is entitled to damages for the death of his wife, Melva Tokar, which resulted from that accident. Presently before us are the Commonwealth's preliminary objections raising the issue of sovereign immunity, the objections of the six individuals in the nature of a demurrer, and motions to strike the complaint or, in the alternate, to require more specific pleading.

Once again we are asked to abolish the doctrine of sovereign immunity which is derived from Article I, Section 11 of the Pennsylvania Constitution. Our Supreme Court has, however, consistently held that the Commonwealth enjoys absolute sovereign immunity absent legislative consent to suits against it. *Specter v. Commonwealth,* 462 Pa. 474, 341 A.2d 481 (1975); *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973); *Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973). The plaintiff also urges us to recognize a distinction between

governmental and proprietary functions performed by Commonwealth agencies, but we have previously held that sovereign immunity is not limited to governmental functions. *Poklemba v. Shamokin State General Hospital,* 21 Pa. Commonwealth Ct. 301, 344 A.2d 732 (1975). As a Commonwealth agency, PennDOT is clearly protected by the constitutional grant of immunity. *Reinert v. Pennsylvania Department of Transportation,* 26 Pa. Commonwealth Ct. 283, 363 A.2d 1337 (1976); *Trulli v. City of Philadelphia,* 23 Pa. Commonwealth Ct. 611, 353 A.2d 502 (1976). We must, therefore, sustain the Commonwealth's preliminary objections and dismiss the complaint as to both the Commonwealth and PennDOT.

After the Commonwealth and PennDOT have been dismissed as defendants, this Court's continuing jurisdiction is dependent upon whether or not the remaining defendants are "officers" of the Commonwealth.[1] Individuals "to whom are delegated some of the sovereign functions of government, to be exercised by them for the benefit of the public" have been considered to be "officers" for purposes of our jurisdiction. *Forney v. Harrisburg State Hospital,* 18 Pa. Commonwealth Ct. 17, 21, 336 A.2d 709, 711 (1975). The pleadings in this case, however, do not allege that any of the individual defendants perform sovereign functions. It is apparent from these pleadings that at least three of them, each described as an "employee

---

[1] Section 401 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401, provides, *inter alia,* that

(a) The Commonwealth Court shall have original jurisdiction of:

(1) All civil actions or proceedings against the Commonwealth or *any officer thereof,* acting in his official capacity. . . .

of the Cambria County Maintenance District,"[2] exercise subordinate ministerial functions and that we lack jurisdiction over the asserted causes of action against them. *See Trulli, supra; Forney, supra.* On the basis of the pleadings before us, however, we cannot conclude that the other three defendants[3] are within our jurisdiction. We will, therefore, transfer the possible causes of action with respect to these six individuals to the Court of Common Pleas of Cambria County for that court's disposition of the preliminary objections filed by them.

## ORDER

AND Now, this 25th day of March, 1977, the plaintiff's complaint as to the Commonwealth of Pennsylvania and its agency, the Department of Transportation, is hereby dismissed.

As to the remaining individual defendants, this matter is transferred to the Court of Common Pleas of Cambria County pursuant to Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.503(b), for the disposition of the preliminary objections filed by them.

The Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Cambria County a photocopy of the docket entries in this Court of the above-captioned matter and transfer to him the record thereof.

---

[2] Individual defendants J. R. Hetrick, P. Delogier, and George Bender.

[3] Robert S. Kopitnik, District Engineer for PennDOT District 090; J. G. Valko, Cambria County Superintendent for PennDOT; and Tony Maruca, Assistant Superintendent for Cambria County Maintenance District.