## Quinn v. Marazza

*Thomas P. Cole, II*, for plaintiff.

*John L. Sweezy, Assistant Attorney General*, for defendants.

HUDOCK, *J.*, April 13, 1978—Plaintiff has filed an action in trespass against defendants, A. J. Marazza, superintendent, and Robert S. Bair, foreman, J. B. Wilson, Frank Fisher, R. Adamsky, Homer M. Irwin, William M. Jones and Mark J. Cravotta, their agents, servants, workmen, and employes.

The complaint alleges that in late summer or early fall of 1975, defendants, individually and in their respective capacities with the Pennsylvania Department of Transportation (PennDot), their agents, etc., intentionally, willfully, and maliciously cut down or felled certain valuable trees, shrubs, bushes and other growing plants on plaintiff's property along legislative route 64147 in Hempfield Township. Plaintiff alleges that the trees, etc., were cut down without the consent of plaintiff or by lawful authority.

Plaintiff demands judgment against defendants, jointly and severally, but no suit is filed against the Commonwealth of Pennsylvania.

The court will discuss the issues raised by defendants' preliminary objections.

## JURISDICTION

Under section 401(a)(1) of the Appellate Court Jurisdiction Act of July 31, 1970, P.L. 673, 17 P.S. §211.401(a)(1), (ACJA), the Commonwealth Court is granted original jurisdiction over civil actions or proceedings against the Commonwealth and any "officer" thereof acting in his official capacity. Section 401(b) makes this jurisdiction exclusive. See Schroeck v. Pennsylvania State Police et al., 26 Pa.

Commonwealth Ct. 41, 362 A. 2d 486 (1976). The Commonwealth Court does not, however, enjoy original jurisdiction, exclusive or otherwise, over "employes" of the Commonwealth. See Schroeck, supra and Harris v. Rundle, 27 Pa. Commonwealth Ct. 445, 366 A. 2d 970 (1976). Appellate jurisdiction over suits against "employes" of the Commonwealth is actually vested in the Superior Court under section 302 of the ACJA, 17 P.S. §211.302.

The Commonwealth in its preliminary objections argues that four of the eight defendants are beyond question "officers" of the Commonwealth who exercise important duties on a state-wide or regional basis. The Commonwealth points out that James Wilson, who is sued herein as District 12-0 Engineer, is now Secretary of Transportation; that Frank Fisher is a special assistant attorney general carrying out highly essential functions in the whole western area of Pennsylvania; that Robert Adamsky is a trained technical specialist whose decisions affect the broad regional area of PennDot District 12-0; and that A. J. Marazza holds the key position of Westmoreland County Maintenance Superintendent. In its brief, the Commonwealth argues that policymaking and discretion pervade all of these positions. It argues that the logical conclusion is that defendants are persons "to whom are delegated some of the sovereign functions of Government to be exercised by them for the benefit of the public," and that therefore the aforementioned persons are "officers."

Recently, the Commonwealth Court considered the question of whether or not certain PennDot employes were "officers" for jurisdictional purposes. In redefining the test of "officer" versus "employe" the Commonwealth Court has stated:

"Having now reconsidered these definitions, we believe that the term "officers" for jurisdictional purposes, should encompass only those persons who perform *state-wide policymaking functions* and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government. We do not believe that it was the intent of the General Assembly to give this Court original jurisdiction over cases where local courts can much more conveniently and properly make the determination as to the liability of state employees, who function on an essentially local or regional basis." Opie v. Glascon et al., 30 Pa. Commonwealth Ct., 555, 375 A. 2d 396 (1977).

It appears to the court that the Commonwealth contends that none of defendants has "state-wide" policymaking functions or carries out the sovereign duties of the Commonwealth. Though James Wilson, former district 12-0 engineer, is now Secretary of Transportation, and now clearly has state-wide policymaking functions, at the time of the events complained of, he did not have such state-wide policymaking functions, and was an "employe," rather than an "officer." This court sees no reason to extend the subsequently-acquired immunity of James Wilson "backward" in time to the events complained of herein. The principal policymaking arguments for such immunity (fear of exercising judgment on behalf of the Commonwealth, overcaution, etc.) do not seem to require such an extension of immunity to the current Secretary of Transportation for his alleged *prior* acts as an "employee."

The Commonwealth Court in Opie, supra, noted the structure of the department of transportation as

set forth in the Administrative Code of April 9, 1929, P.L. 177, as amended, 71 P.S. §511.3. The court noted at pp. 560, 561:

"[I]t seems clear to us that, even though the Deputy Chief Engineers and District Engineers may exercise some discretion in the implementation and execution of policy with regard to highway administration within their respective spheres of authority, they are not charged with the responsibility for independent initiation of administrative policy on a state-wide basis regarding the sovereign functions of designing, constructing, and maintaining highways. We must conclude, therefore, that the Deputy Chief Engineers and the District Engineers, as well as all of those engineers supervised by them, are not 'officers' of the Commonwealth for jurisdictional purposes, notwithstanding any previous cases which would seem to hold to the contrary."

The within cases are, therefore, properly before the Court of Common Pleas of Westmoreland County.

## CONDITIONAL IMMUNITY OF COMMONWEALTH EMPLOYES

Counsel for defendants by preliminary objections has also raised by way of preliminary objection the argument that conditional immunity attaches to the actions of Commonwealth employes so long as any such employe is acting within the scope of his authority and so long as the conduct is not malicious, wanton or reckless.

The complaint alleges that defendant "intentionally, willfully and maliciously cut down or felled certain valuable trees, shrubs, bushes and other

growing plants of the Plaintiff." Defendant argues that the words "intentionally, willfully and maliciously" are mere legal conclusions unsupported by any allegation of fact. Though the acts complained of by plaintiff could be characterized as "mere" negligence, the allegations are sufficient to avoid the defense of conditional immunity on the pleadings. Of course, defendant can raise again the affirmative defense of conditional immunity by pleading proper facts in an answer and new matter. (Plaintiff argues that conditional immunity is not properly raised by preliminary objections, and though she is technically correct, the court wishes to decide the issue now.)

## LACK OF SPECIFIC PLEADINGS IN REGARD TO SPECIAL DAMAGES, NEGLIGENT CONDUCT AND PUNITIVE DAMAGES

The Commonwealth in its preliminary objections has asked for a more specific pleading in regard to the averments of special damages. The complaint alleges, in paragraph six, that the trees and shrubs which were removed by defendant are described in exhibit B to the complaint. The exhibit B specifically mentions the names and types of all trees and shrubs. This seems to be a sufficient allegation as to the loss and damages. Damages are specified in the amount of $5,948. Likewise, a review of the complaint clearly reveals a sufficient pleading in regard to the acts of negligence complained of and the basis of the demand for punitive damages. The Commonwealth demands the most specific of pleading, but is entitled only to a complaint which complies with Pa.R.C.P. 1019, which requires a pleading of all material facts upon which the cause of action is based.

The Commonwealth also objects that the allegations of fact are not sufficient to support the claim of punitive damages. However, the pleadings are sufficient under Rule 1019. Clearly, if the facts of the complaint are proven at trial, plaintiff will be entitled to treble damages. Damage for wrongful conversion of trees has long been recognized in the law as justifying double or trebel damages as a compensation and not necessarily as a penalty. See Com. v. Musser Forests, Inc., 394 Pa. 205, 146 A. 2d 714 (1958). It is not necessary to plead all statutory references to an established principle of law. On the whole, the court believes that the adverse party in this matter is clearly placed on notice of the facts alleged in the matters in issue.

## ORDER

And now, April 13, 1978, it is hereby ordered, adjudged and decreed that the preliminary objections filed by defendant in the above matter are hereby dismissed.