394 A.2d 490

**Marian J. REINERT, Administratrix of the Estate of Audrey S. Reinert, Deceased,**

**and**

**Robert L. Mitch, Administrator of the Estate of Vicki L. Mitch, Deceased, Appellants,**

**v.**

**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION.**

Supreme Court of Pennsylvania.

Submitted Oct. 16, 1978.

Decided Nov. 18, 1978.

Robert M. Ruzzi, Bernard J. Avellino, Philadelphia, for appellants.

Richard Herskovitz, Asst. Atty. Gen., Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM.

Appellants' decedents, Audrey S. Reinert and Vicki L. Mitch, were killed in an automobile collision on February 3, 1974, on Legislative Route 100 in Chester County, Pennsylvania. Marian J. Reinert and Robert L. Mitch, the respective administrators of the decedents' estates, filed a joint complaint in Commonwealth Court against the Pennsylvania Department of Transportation, asserting survival and wrongful death causes of action arising out of the alleged

negligence of the defendant in failing to design or construct the state highway here involved with a guard rail separating opposing lanes of traffic. The Department of Transportation filed a preliminary objection "in the nature of a petition raising a question of jurisdiction" asserting the immunity from suit of the Commonwealth of Pennsylvania by virtue of Article I, Section 11 of the Constitution of Pennsylvania and praying for a dismissal of the complaint. The Commonwealth Court sustained the objection and dismissed the complaint.[1] This appeal followed.[2]

Recent developments in this Commonwealth in the area of sovereign immunity which have occurred since the decision of the Commonwealth Court under review control the outcome of this appeal. *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978). This requires that we reverse the order of the Commonwealth Court and remand the case to that court for further proceedings.

It is so ordered.

POMEROY, J., concurs in the result.

1. The Commonwealth Court read the preliminary objection not as going to jurisdiction but as a demurrer. In either case, the procedure followed by the Department of Transportation, acting for the Commonwealth, was improper. See *Freach v. Commonwealth,* 471 Pa. 558, 564–65 n.6, 370 A.2d 1163, 1166–67 n.6 (1977) (immunity from suit is an affirmative defense which should be pleaded under the heading "New Matter" in a responsive pleading; it is not properly raised by preliminary objections).

2. We hear this appeal pursuant to Act of July 31, 1970, P.L. 673, No. 223, art. II, § 203, 17 P.S. § 211.203 (Supp.1978), since superseded by Section 723(a) of the Judicial Code, 42 Pa.C.S. § 723(a) (effective June 27, 1978).