## Rosa v. Baker

*Robert J. Campbell*, for plaintiffs.
*David G. Joyce*, for original defendant.
*Walter F. Froh*, for Commonwealth.
*Lee E. Whitmire, Jr.*, for additional defendants.

SAWYER, *P.J.*, March 22, 1979—This case comes before us on preliminary objections by the Department of State Police of the Commonwealth of Pennsylvania (Commonwealth) which has been joined as an additional defendant by original defendant, Richard Dean Baker.

The action arises from an accident occurring on January 23, 1976, on U.S. Route 30 in Greene Township, Beaver County, Pa. While operating his vehicle on Route 30, Baker struck a utility pole, thereby downing high voltage lines. Two members of the Pennsylvania State Police arrived on the scene and directed traffic, later joined in this effort by members of the Hookstown Volunteer Fire Department. Plaintiff wife drove a friend of Baker's to

the accident scene in plaintiff's automobile, parking at the side of Route 30 in such a manner that the vehicle was in contact with the downed power lines. As a result, she was severely injured while attempting to exit from the vehicle.

A complaint was filed by plaintiffs on January 5, 1978, and original defendant filed his complaint against additional defendants on September 1, 1978. The Commonwealth has responded with these preliminary objections.

The first objection is in the nature of a petition raising a question of jurisdiction. More specifically, the Commonwealth contends that the Commonwealth Court has exclusive jurisdiction over this cause of action.

In reaction to Mayle v. Pa. Dept. of Hwys., 479 Pa. 384, 388 A. 2d 709 (1978), which judicially abrogated the doctrine of sovereign immunity in Pennsylvania, the General Assembly enacted legislation which reinstates the doctrine except in certain limited situations: Act of September 28, 1978, P.L. 629, 42 Pa.C.S.A. §2310. This act also amends the relevant jurisdictional provisions of the Judicial Code of July 9, 1976, P.L. 586, as amended, 42 Pa.C.S.A. §§761, 762, 931 (1978), to accommodate those actions in which sovereign immunity has been waived.

Generally, the Commonwealth Court is vested with original jurisdiction over civil actions against the Commonwealth. Since the amendment of the jurisdictional provisions, however, original jurisdiction over actions on claims against the Commonwealth in which sovereign immunity is waived has been vested in the courts of common pleas: Act of July 9, 1976, P.L. 586, as amended, 42 Pa.C.S.A. §§761, 931. For purposes of ruling on the jurisdic-

tional issue, we must determine whether this action falls within one of the exceptions set out in the act: 42 Pa.C.S.A. §5110.

Pursuant to making this determination, we must first consider the threshold requirements of section 5110. Section 5110 provides that:

"The General Assembly . . . does hereby waive . . . sovereign immunity as a bar to an action against Commonwealth agencies, and their officials and employees acting within the scope of their duties, for damages arising out of a negligent act or omission where the damages would be recoverable under the common law or a statute creating a cause of action if caused by a person not having available the defense of sovereign immunity." Id. §5110(a).

It is evident that the Department of State Police is an agency of the Commonwealth. "Commonwealth agency" is defined as "any executive agency or independent agency." 42 Pa.C.S.A. §102. See Schroeck v. Pennsylvania State Police, 26 Pa. Commonwealth Ct. 41, 362 A. 2d 486 (1976). The two members of the state police involved in the incident were maintaining traffic control at the accident scene; conduct which was within the scope of their duties. The damages arose from an allegedly negligent act or omission; failing to adequately control traffic and warn of the dangerous condition. Finally, the damages alleged would be recoverable in the absence of the sovereign immunity defense. Having satisfied these requirements, if this action falls within one of the eight exceptions in section 5110, this court has jurisdiction. Since there is no dispute as to the facts averred, we will accept as true all well pleaded

facts for the purpose of this ruling: Glen Alden Cor-
poration v. Tomchick, 183 Pa. Superior Ct. 306, 130
A. 2d 719 (1957).

The Commonwealth contends that none of the
exceptions include the negligent performance of
police functions. The answer to this is that some
may and others may not, depending on the nature of
the conduct. For instance, should a state policeman
negligently operate a vehicle, within the scope of
his duty, an action against him could fall within the
exception dealing with vehicle liability. Paragraph
(6) specifically provides for waiver where a police
dog or horse causes damage.

Baker contends that paragraph (1) of section
5110, which waives immunity where damages are
"caused by the operation of any motor vehicle,"
encompasses the facts of this case. Admittedly, this
language is broad enough to do so. However, to give
this exception the effect desired by Baker would
result in a waiver of immunity in any negligence
action in which a vehicle was fortuitously involved,
assuming that the general requirements of section
5110 are met. We do not believe this exception to be
intended to operate in such a capricious fashion.
Rather, we interpret this paragraph as intended to
ultimately impose vehicle liability on the Com-
monwealth under the same circumstances as it
would be imposed upon a private individual or en-
terprise. Because there is no issue as to negligent
operation of a vehicle on the part of the state
policemen involved, this exception is not appli-
cable.

There is, however, another exception which we
consider pertinent. Paragraph (4) waives immun-
ity where damages are "caused by a dangerous

condition of Commonwealth real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of the Commonwealth and Commonwealth real property leased to private persons, and highways under the jurisdiction of Commonwealth agencies except as limited in Paragraph (5)." Paragraph (5) limits liability to damages "other than property damages, caused by a dangerous condition of highways under the jurisdiction of Commonwealth agencies created by potholes or sinkholes or other similar conditions created by natural elements. . . . "

According to plaintiffs' complaint, downed power lines were "on the ground and also suspended over the roadway" U.S. Route 30. The complaint further avers that plaintiff wife pulled her vehicle to the "side" of that highway, at which point it came into contact with the power lines. From these alleged facts, we may infer that the damages were caused by a dangerous condition of a highway under the jurisdiction of Commonwealth agencies.

Without question, downed live power lines represented a dangerous condition. "Highway" is defined as "[a] way or place of whatever nature open to the use of the public as a matter of right for purposes of vehicular traffic." 1 Pa.C.S.A. §1991. U.S. Route 30 is a highway and its "side" or berm would be included in that term. It is also under the jurisdiction of Commonwealth agencies, e.g., the Department of Transportation and the Department of State Police.

From the above findings based on the facts pleaded, we must reach the conclusion that this court has jurisdiction over the action in question and refuse the Commonwealth's request for a transfer to Commonwealth Court.

In the second objection, the sufficiency of the

complaint is attacked by way of raising the defense of sovereign immunity. The Supreme Court has inserted in several recent opinions pointed reminders that the defense of sovereign immunity is one of immunity from suit, and thereby an affirmative defense to be raised under the heading of "New Matter" in a responsive pleading, e.g., Reinert v. Pennsylvania Department of Transportation, 482 Pa. 612, 394 A. 2d 490 (1978); Heifetz v. Philadelphia State Hospital, 482 Pa. 386, 393 A. 2d 1160 (1978). Although the defense of official immunity should still be appropriately raised in the above manner, the questions of jurisdiction and sovereign immunity have become inextricably intertwined. We have effectively decided the nonexistence of a sovereign immunity defense in the course of determining that we have jurisdiction by virtue of its waiver.

There is another argument raised pertaining to sovereign immunity which was not necessarily addressed during the jurisdictional inquiry. The Commonwealth asserts correctly that since it has been joined as additional defendant after the statute of limitations has run on plaintiffs' cause of action against it, it cannot be held solely liable. Potential liability is limited to a right of contribution on behalf of Baker since he has also alleged that the two state policemen were concurrently negligent with himself and the facts averred sufficiently support that allegation. The Commonwealth argues that sovereign immunity is not waived where the Commonwealth's liability can be only one of contribution to an original defendant rather than directly to the injured plaintiff.

This contention is refuted by the wording of section 5110(a), which waives the defense "for damages arising out of a negligent act or omission [by a

Commonwealth agency or employee] where the damages would be recoverable under the common law or a statute creating a cause of action if caused by a person not having available the defense of sovereign immunity." Baker's right to contribution is statutorily endowed by the Contribution Among Tortfeasors Act of July 19, 1951, P.L. 1130, 12 P.S. §§2082-89. No limitation is set upon who may recover damages, and we do not perceive any sound reason why the legislature would have intended there to be.

For all the above reasons, the preliminary objections of the Commonwealth must be dismissed.

### ORDER

And now, March 22, 1979, after argument on the above matter and consideration of briefs filed therein, it is ordered and directed that the preliminary objections in the nature of a petition raising a question of jurisdiction and in the nature of a demurrer filed by additional defendant, the Commonwealth of Pennsylvania—Department of State Police, are hereby dismissed.