Ronald C. Walter, Plaintiff *v.* Commonwealth of Pennsylvania and Jerome Colbert, Nicholas Kohut and Clyde J. McCormack, Defendants.

William Mignona, Jr. and Dawn Mignona, his wife, Plaintiffs *v.* Commonwealth of Pennsylvania and Jerome Colbert, Nicholas Kohut and Clyde J. McCormack, Defendants.

Argued March 11, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Josephine Stamm,* with her *Milton M. Borowsky,* for plaintiffs.

*Lawrence Barth,* Assistant Attorney General, with him *Michael von Moschzisker,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant, Commonwealth.

*Joseph Goldberg,* with him *Edwin L. Scherlis,* and *Frank, Margolis, Edelstein & Scherlis,* for defendants, Kohut and McCormack.

OPINION BY JUDGE MENCER, May 20, 1977:

Ronald C. Walter filed a complaint in trespass within our original jurisdiction, naming as defendants the Commonwealth of Pennsylvania and three individuals, Jerome Colbert, an inmate of Graterford State Correctional Institution (Graterford), together with Nicholas Kohut and Clyde J. McCormack, in their respective capacities as farm manager and automobile mechanic at Graterford. The same defendants were named in a companion complaint in trespass filed in this Court by William Mignona, Jr., and Dawn Mignona, his wife. The allegations of the complaints indicate that, on August 26, 1974, plaintiffs Walter and Mignona, Jr., were working on an International pickup truck owned by the Commonwealth and used at the

250

Graterford prison and, while attempting to seat one of the front tires upon the tire rim on which it had been mounted, were seriously injured when the tire exploded.

This unhappy event led to a previous filing of trespass actions by the same plaintiffs, naming the Commonwealth of Pennsylvania and two individuals, Ronald J. Marks, Superintendent of Graterford, and Clyde McCormack, as defendants. In *Walter v. Commonwealth*, 23 Pa. Commonwealth Ct. 97, 350 A.2d 440 (1976), we sustained preliminary objections and dismissed the complaints. As we acknowledged in *Schroeck v. Pennsylvania State Police*, 26 Pa. Commonwealth Ct. 41, 362 A.2d 486 (1976), we now deem the dismissal of the complaint in this type of case to be in error and without our jurisdiction to so hold. In *Walter*, we held that the Commonwealth was immune from suit in tort by virtue of the doctrine of sovereign immunity[1] and that, in the absence of any allegations of intentionally malicious, wanton, or reckless conduct, the individual employes of Graterford were entitled to conditional immunity from tort liability.[2] The plaintiffs did not appeal from that decision but responded by filing the complaints referred to at the outset of this opinion. We are presently confronted with the preliminary objections filed to these new complaints by the Commonwealth and defendants Kohut and McCormack.

The Commonwealth's preliminary objections raise the defense of absolute sovereign immunity which is derived from Article I, Section 11 of the Pennsylvania Constitution.[3] Our Supreme Court has consistent-

[1] *Brown v. Commonwealth*, 453 Pa. 566, 305 A.2d 868 (1973).

[2] *DuBree v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973).

[3] We again note that immunity from suit is an affirmative defense which should be pleaded under the heading "New Matter" in

ly held that the Commonwealth enjoys absolute immunity absent legislative consent to suits against it. *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973). We must, therefore, sustain the Commonwealth's preliminary objections and dismiss the complaints as to the Commonwealth.[4]

We must next determine whether or not this Court has continuing jurisdiction over any remaining causes of action. Our original jurisdiction is defined to include "[a]ll civil actions or proceedings against the Commonwealth or *any officer* thereof, acting in his official capacity. . . ." Section 401 (a)(1), Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401(a)(1) (emphasis added).

In *Forney v. Harrisburg State Hospital,* 18 Pa. Commonwealth Ct. 17, 21, 336 A.2d 709, 711 (1975), when considering this section, we observed:

> The act fails to define the term 'officer' and so it must be accorded its common and approved usage. 1 Pa. C.S. §1903(a). Our Courts clearly distinguish officers from employees, describing officers generally as those persons to whom are delegated some of the sovereign functions of government, to be exercised by them for the benefit of the public. Employees in public service, on the other hand, merely exercise subordinate ministerial functions.

Here the plaintiffs' complaints allege that defendant Nicholas Kohut was employed by the Correctional

a responsive pleading; it is not properly raised by preliminary objections. See Pa. R.C.P. 1030. Since plaintiffs did not object to the manner in which the issue of immunity was raised, we will, in the interest of judicial economy, decide the issue on its merits.

[4] The complaints here, because of our unappealed holding in *Walter v. Commonwealth, supra,* would be barred as against the Commonwealth by the doctrine of res judicata. *Catanese v. Scirica,* 437 Pa. 519, 263 A.2d 372 (1970).

Industries Division as one of three managers of the farm operated at Graterford for profit and in the course of his employment drove a truck vehicle designated as Vehicle No. 85. The complaints further allege that defendant Clyde J. McCormack was employed by the Correctional Industries Division at Graterford in the capacity of an automobile mechanic and instructor. As thus described, they enjoy none of the characteristics of officers of the Commonwealth and must, therefore, be treated as employes and not as officers within the meaning of the Appellate Court Jurisdiction Act. Thus, we lack jurisdiction to rule upon the causes of action asserted against the defendants Kohut and McCormack. *Forney v. Harrisburg State Hospital, supra.* Consequently, although they may be conditionally immune from liability,[5] we lack authority to so determine and must transfer the case to a court of proper jurisdiction. *Freach v. Commonwealth,* 23 Pa. Commonwealth Ct. 546, 354 A.2d 908 (1976), *rev'd on other grounds,* Pa. , 370 A.2d 1163 (1977).

Likewise, we lack jurisdiction over defendant Jerome Colbert, an inmate at Graterford, who is not alleged to be an officer of the Commonwealth, and must transfer the plaintiffs' cause of action against him. *Hart v. Spectrum Arena, Inc.,* 15 Pa. Commonwealth Ct. 584, 329 A.2d 311 (1974).

Accordingly, we issue the following

ORDER

Now, this 20th day of May, 1977, the preliminary objections of the Commonwealth are hereby sustained,

---

[5] Plaintiffs argue that such immunity has been lost and refer to allegations in their complaints which assert that the actions of defendants Kohut and McCormack were wantonly negligent and in reckless disregard of the safety of the plaintiffs. *See DuBree v. Commonwealth, supra* note 2. We conclude that such allegations do foreclose the application of the doctrine of res judicata to defendant McCormack. *See Walter v. Commonwealth, supra.*

and the plaintiffs' complaints as to that defendant are dismissed.

It is further ordered that, as to the three individuals named as defendants in the complaints, pursuant to Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.503(b), and Pa. R. C. P. 213, the remaining causes of action shall be and they are hereby transferred to the Court of Common Pleas of Montgomery County for further proceedings, including a determination of the preliminary objections of the individual defendants, Nicholas Kohut and Clyde J. McCormack.

The Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Montgomery County a photocopy of the docket entries in this Court of the above matters and transmit to him the records thereof.