Ronald E. Kenno, a minor, by Ronald A. Kenno, his parent and natural guardian, and Ronald A. Kenno, in his own right, Plaintiffs *v.* Commonwealth of Pennsylvania, Department of State Police, James A. Barger, Commissioner; Commonwealth of Pennsylvania, Department of General Services, Ronald Lench, Secretary, Defendants.

Argued June 6, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Robert D. Kodak,* with him *Frederick W. Andrews,* and *Knupp and Andrews,* for plaintiff.

*David Max Baer,* Deputy Attorney General, with him *J. Justin Blewitt, Jr.,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE MENCER, July 21, 1977:

On or about May 27, 1974, Ronald E. Kenno sustained serious injuries when the vehicle in which he was traveling was involved in a collision with a vehicle allegedly driven by a state policeman and owned by the Pennsylvania Department of General Services. Thereafter, Ronald A. Kenno instituted an action in the Court of Common Pleas of Dauphin County in his own right and as parent and natural guardian for his minor son, Ronald E. Kenno, against the Commonwealth of Pennsylvania, the Pennsylvania State Police, the State Police Commissioner, the Department of General Services, and the Secretary of that depart-

ment.   The defendants filed preliminary objections which, *inter alia*, raised questions of jurisdiction and immunity.   The common pleas court correctly decided that the action was within this Court's exclusive original jurisdiction under Section 401 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.401, and the case was accordingly transferred here.

The Commonwealth's preliminary objections raise the defense of sovereign immunity which is derived from Article I, Section 11 of the Pennsylvania Constitution.[1]   Our Supreme Court has consistently held that the Commonwealth enjoys absolute immunity, absent legislative consent to suits against it.   *E.g., Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973).   Moreover, the Pennsylvania State Police has been held to be an instrumentality of the Commonwealth clearly entitled to the protection of sovereign immunity.   *Schroeck v. Pennsylvania State Police,* 26 Pa. Commonwealth Ct. 41, 362 A.2d 486 (1976).   We likewise hold that the Pennsylvania Department of General Services, as an agency of the Commonwealth, is entitled to the protection of sovereign immunity.   *See Harris v. Rundle,* 27 Pa. Commonwealth Ct. 445, 366 A.2d 970 (1976).   Accordingly, the complaint as to these defendants must be dismissed.

Additionally, we sustain the preliminary objections of the remaining defendants on the basis of the com-

---

[1] We again note that immunity from suit is an affirmative defense which should be pleaded under the heading "New Matter" in a responsive pleading. *Freach v. Commonwealth,*      Pa.    ,    , 370 A.2d 1163 (1977) ; *see* Pa. R.C.P. 1030. Since plaintiffs did not object to the manner in which the issue of immunity was raised, we will, in the interest of judicial economy, decide the issue on its merits. *See Sharp v. Commonwealth,* 29 Pa. Commonwealth Ct. 607, 372 A.2d 59 (1977).

210

mon-law concept of "official immunity." *See Freach, supra* note 1. The "high public officials" aspect of this doctrine, which insulates from civil liability with respect to official communications and acts high public officials acting within the scope of their authority, has previously been applied to the Pennsylvania State Police Commissioner, James A. Barger. *Schroeck, supra.* We hold that it also applies to the named Secretary of the Pennsylvania Department of General Services, who has broad statewide policymaking authority. *Cf. Fischer v. Kassab,* 25 Pa. Commonwealth Ct. 593, 360 A.2d 809 (1976) (Secretary of Transportation). Accordingly, the complaint as to these defendants must also be dismissed.

ORDER

AND Now, this 21st day of July, 1977, the preliminary objections of the defendants are hereby sustained, and the plaintiffs' complaint as to all defendants is dismissed.