Joseph Staley, Plaintiff *v.* Commonwealth of Pennsylvania, Ernest Patton, Warden of the State Correctional Institution, Camp Hill, Pennsylvania and William B. Robinson, Director of Corrections, Department of Justice, Camp Hill, Pennsylvania, Defendants.

Argued June 10, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in this decision.

*Anne Lazarus,* with her *Bertram M. Felgoise,* for plaintiff.

*Glenn Gilman,* Deputy Attorney General, *J. Andrew Smyser,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant, Commonwealth.

*Joseph Goldberg,* with him *Edwin L. Scherlis,* and *Frank, Margolis, Edelstein & Scherlis,* for defendants, Patton and Robinson.

PER CURIAM OPINION, December 14, 1977:

We have before us Defendants' preliminary objections[1] to an action brought by Joseph Staley against

---

[1] We note that immunity from suit is properly raised by "New Matter" in a responsive pleading, not by preliminary objections. Pa.

the Commonwealth, Ernest Patton, Warden of the State Correctional Institution, Camp Hill, Pennsylvania, and William B. Robinson, Director of Corrections of the Commonwealth, for personal injuries allegedly suffered by him when he fell on the premises of the State Correctional Institution in Camp Hill, Pennsylvania. The Commonwealth and individual Defendants have raised the defense of sovereign immunity.

It is settled beyond question that, under the present state of the law in Pennsylvania, the Commonwealth is immune from suit in trespass. *Reinert v. Department of Transportation,* 26 Pa. Commonwealth Ct. 283, 363 A.2d 1337 (1976).

With respect to the individual Defendants, our inquiry is divided into two steps. First, we must determine whether each individual is an officer of the Commonwealth, since Section 401 of the Appellate Court Jurisdiction Act of 1970,[2] 17 P.S. §211.401, gives us jurisdiction over "all civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity...." *Opie v. Glascow, Inc.,* 30 Pa. Commonwealth Ct. 555, 375 A.2d 396 (1977). If a defendant is an officer, we may then rule on the question of his immunity; if he is not, we lack the power to so rule, *Schroeck v. Pennsylvania State Police,* 26 Pa. Commonwealth Ct. 41, 362 A.2d 486 (1976), and must transfer the question to the court of competent jurisdiction. In *Opie, supra,* 30 Pa. Commonwealth Ct. at 559, 375 A.2d at 398, we defined "officer" as follows:

R.C.P. No. 1030. *Freach v. Commonwealth,* 471 Pa. 558, 564, 370 A.2d 1163, 1166 (1977), n. 6. We do not approve of this procedure, but will decide the issue as if properly pleaded.

[2] Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.101 et seq.

'[O]fficers,' for jurisdictional purposes, should encompass only those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government. We do not believe that it was the intent of the General Assembly to give this Court original jurisdiction over cases where local courts can much more conveniently and properly make the determination as to the liability of state employees who function on an essentially local or regional basis, any more than we believe that the General Assembly intended to give this Court original jurisdiction regarding employees performing subordinate ministerial functions.

In applying this standard to the subject Defendants, we conclude that the Commonwealth's Director of Corrections is an officer of the Commonwealth and hence within our jurisdiction. Since we have recently held that all officers of the Commonwealth are high public officials and, as such, are entitled to absolute immunity, *Fischer v. Kassab* (No. 1174 C.D. 1975, filed December 5, 1977), we sustain the preliminary objections of Defendant William B. Robinson and dismiss the complaint as to him.

It is equally clear to us that the Warden of a state correctional institution is not charged with statewide policy-making responsibilities, and that he therefore is not an "officer" for purposes of our jurisdiction. Since we have no subject-matter jurisdiction over this Defendant, we must transfer the action to the Court of Common Pleas of Cumberland County for the court's determination of the immunity issue. *Opie v. Glascow, Inc., supra; Fischer v. Kassab, supra.*

ORDER

AND Now, this 14th day of December, 1977, the preliminary objections of the Commonwealth and of William B. Robinson, Director of Corrections of the Commonwealth's Department of Justice, are hereby sustained and the plaintiff's complaint is dismissed as to them.

With respect to the Defendant, Ernest Patton, Warden of the State Correctional Institution at Camp Hill, the case is transferred to the Court of Common Pleas of Cumberland County for disposition of the preliminary objections and for all further proceedings. Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.503(b). The Chief Clerk shall transmit to the Prothonotary of said court the record of the above proceedings in its entirety, together with a copy of this Order.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).