Shirley Lillian Bass, Administratrix of the Estate of Stanley Bass, Deceased, Plaintiff *v.* Julius Cuyler, Superintendent of Graterford Prison et al., Defendants.

Submitted on briefs, January 30, 1978, to Judges ROGERS, BLATT and DISALLE, sitting as a panel of three.

*Robert Rovner,* for plaintiff.

*Stanley I. Slipakoff,* Assistant Attorney General, with him *M. Faith Angell,* Deputy Attorney General, *Michael von Moschzisker,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE BLATT, June 13, 1978:

Shirley L. Bass (plaintiff) filed a complaint in trespass in the Court of Common Pleas of Montgomery County against Julius Cuyler, Superintendent of the Graterford State Correctional Institution (Graterford), William Robinson, Commissioner of the Commonwealth's Bureau of Correction, Larry Reid, Director of Treatment at Graterford, and John Doe, identified only as a "state employee" of Graterford (defendants) alleging that they were negligent in permitting a Graterford inmate to have a weekend furlough during which time he killed the plaintiff's husband. The defendants filed preliminary objections to the complaint in the court below, questioning that court's jurisdiction, and the action was subsequently transferred to this Court. Before us are preliminary

objections raising the defense of immunity from suit.[1]

In determining the issue of immunity, we must first examine whether or not each of the named defendants is an officer of the Commonwealth over whom this Court has jurisdiction. *Schroeck v. Pennsylvania State Police*, 26 Pa. Commonwealth Ct. 41, 362 A.2d 486 (1976). If a defendant is found to be an officer, we have held that he or she is necessarily entitled to absolute immunity as a high public official. *Fischer v. Kassab*, 32 Pa. Commonwealth Ct. 581, 380 A.2d 926 (1977).

We have previously examined the duties of the Commonwealth's Commissioner of the Bureau of Correction and found him to be an officer entitled to absolute immunity. *Staley v. Commonwealth*, 33 Pa. Commonwealth Ct. 22, 380 A.2d 515 (1977). We will, therefore, sustain the preliminary objections of defendant William Robinson and dismiss the complaint as to him.

We have also held that the superintendent (sometimes called "warden") of a state correctional institution is not charged with the kind of statewide policy-making responsibility required for him to be considered an officer for jurisdictional purposes. *Staley v. Commonwealth, supra.* Consequently, we have no jurisdiction to rule on the question of Julius Cuyler's immunity from suit, and we must transfer the action against him back to the Court of Common Pleas of Montgomery County for that court's determination of the issue.

---

[1] Once again we will point out that immunity from suit is an affirmative defense which should be pleaded in "New Matter" and that it is not properly raised by preliminary objections. *See* Pa. R.C.P. No. 1030. Where the parties do not object to this method of raising the issue, however, we will rule on the matter. *See Walter v. Commonwealth*, 30 Pa. Commonwealth Ct. 248, 373 A.2d 771 (1977).

With respect to the other two Graterford employees, they are clearly not officers and we, therefore, lack jurisdiction over them. The actions brought against them must also be transferred back to the lower court.

ORDER

AND Now, this 13th day of June, 1978, the preliminary objections of William Robinson are hereby sustained and as to him the plaintiff's complaint is dismissed.

With respect to the other three defendants, the remaining causes of action are hereby transferred to the Court of Common Pleas of Montgomery County for further proceedings, including a determination on the outstanding preliminary objections, pursuant to Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.503(b), and Pa. R.C. P. No. 213.

The Chief Clerk shall transmit to the Prothonotary of said court the record of the above proceedings in its entirety, together with a copy of this Order.