393 A.2d 1160

**Melvin HEIFETZ and Arnold Levit t/a Commodore Apartments, Appellants,**

**v.**

**PHILADELPHIA STATE HOSPITAL, A. S. Tornay, M.D. and Daniel Blain, M.D.**

Supreme Court of Pennsylvania.

Reargued Jan. 18, 1978.

Decided Oct. 5, 1978.

John J. O'Brien, Jr., Elizabeth McK. Iannelli, Philadelphia, for appellants.

Edwin L. Scherlis, Frederick E. Black, Joseph Goldberg, Philadelphia, for appellees, A. S. Tornay, M. D. and Daniel Blain, M. D.

Joseph Wheeler McGuire, J. Justin Blewitt, Jr., Deputy Attys. Gen., Harrisburg, for appellee, Phila. State Hospital.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

NIX, Justice.

This was an action for indemnity brought by appellants, operators of the Commodore Apartments, against appellees, the Philadelphia State Hospital, Daniel Blain, M.D., the superintendent of the Hospital at the time and A. S. Tornay, M.D., a staff psychiatrist. Judge Wilkinson of the Commonwealth Court sustained appellees' preliminary objections and dismissed appellants' complaint. For reasons that follow, we reverse the order dismissing the complaint and the case is remanded to the Commonwealth Court for further proceedings consistent herewith.

■ A judgment in the amount of One Hundred Seventy-Five Thousand Dollars ($175,000.00) was entered against appellants, as defendants in a tort action for the negligent hiring of an employee as a maintenance man. The complaint in that lawsuit alleged that appellants knew, or should have known, that the employee possessed dangerous, immoral and perverted propensities. The employee sexually assaulted a female tenant of appellants' apartment house. At the time of his hiring, the employee had recently been released from the Philadelphia State Hospital where he had been treated for approximately one month following a civil commitment. The employee was being treated by A. S. Tornay, M.D. during his commitment in the institution.

The indemnity action was initially filed in the Philadelphia Court of Common Pleas. Preliminary objections in the nature of a demurrer and raising lack of the court's jurisdiction were filed in response. The Court of Common Pleas sustained the jurisdiction objection and transferred the matter to the Commonwealth Court. The Commonwealth Court, after hearing, sustained the preliminary objections and dismissed the complaint as to all of the appellees in this

appeal. The basis of this decision was sovereign immunity, absolute and conditional immunity.

Judge Wilkinson relied upon our decision in *Biello v. Pennsylvania Liquor Control Board*, 454 Pa. 179, 301 A.2d 849 (1973) in ruling that suits may not be brought against the Commonwealth and its agencies without express legislative authorization. After rejecting an argument that section 603 of the Mental Health and Mental Retardation Act of 1966[1] represented a legislative intention to allow suit against the Commonwealth under the conditions set forth therein, Judge Wilkinson determined that the doctrine of sovereign immunity insulated the Philadelphia State Hospital from suit under the averments of the complaint. Since Judge Wilkinson's order was filed, the Court has changed its position with reference to sovereign immunity and we have now abolished that doctrine. *Mayle v. Pa. Dept. of Highways*, 479 Pa. 384, 388 A.2d 709 (1978).[2] Thus we must reverse the order sustaining the preliminary objections of appellee Philadelphia State Hospital based upon sovereign immunity and reinstate the complaint in that action.

Judge Wilkinson at the time of his decision also did not have the benefit of this Court's decision in *Freach v. Commonwealth*, 471 Pa. 558, 370 A.2d 1163 (1977). In *Freach*, we held that section 603 of the Mental Health and Mental Retardation Act, *supra*, 50 P.S. § 4603, providing for certain

---

1. Act of Oct. 20, 1966, Special Sess. No. 3, P.L. 96, *as amended*, 50 P.S. § 4603.

2. There was no dispute among the members of the Court that the doctrine of sovereign immunity was obsolete and unfair. *Commonwealth v. Biello*, 454 Pa. 179, 182–183, 186 n.3, 301 A.2d 849, 850, 852 n.3 (1973); *Brown et al. v. Commonwealth*, 453 Pa. 566, 572, 305 A.2d 868, 870 (1973); *Morris v. Mt. Lebanon Twp. Sch. Dist.*, 393 Pa. 633, 635, 144 A.2d 737 (1958). The question which inspired the disagreement was whether the doctrine was constitutionally mandated or of common law origin and thus within the power of the courts to abrogate. *Freach v. Commonwealth*, 471 Pa. 558, 567, 370 A.2d 1163, 1167 (1977); *Specter v. Commonwealth*, 462 Pa. 474, 477, 341 A.2d 481, 482 (1975); *Sweigard et al. v. Pennsylvania Dept. of Transportation*, 454 Pa. 32, 34, 309 A.2d 374, 375 (1973); *Commonwealth v. Biello*, *supra* at 183, 301 A.2d at 850; *Brown et al. v. Commonwealth*, *supra* at 571, 305 A.2d at 869.

specified immunities for officials and employees acting pursuant to the terms of the Act were liable for actions of gross negligence or incompetence.[3] In reaching this decision we concluded that the limited immunities provided by section 603 applied to all Commonwealth and governmental officials and superseded common law official immunity in instances where the section applies. In a supplemental brief, appellees, Tornay and Blain, argue that we misperceived the legislative intention expressed in section 603. They would have us read section 603 as granting its immunities to the new classes of organizations and individuals not traditionally protected by official immunity. The argument that section 603 should not be read as a waiver of immunity was carefully considered in *Freach* and rejected.[4] We now reaffirm that position.

■ We therefore hold that the order sustaining the preliminary objections filed on behalf of appellees Blain and Tornay on the basis of official immunity must also be reversed and the complaint reinstated.[5]

Case remanded for further proceedings consistent herewith.

POMEROY, J., filed a concurring and dissenting opinion in which EAGEN, C. J., and O'BRIEN, J., joined.

3. § 4603 *Immunities*
   "No person and no governmental or recognized nonprofit health or welfare organization or agency shall be held civilly or criminally liable for any diagnosis, opinion, report or any thing done pursuant to the provisions of this act if he acted in good faith and not falsely, corruptly, maliciously or without reasonable cause; *provided, however, that causes of action based upon gross negligence or incompetence shall not be affected by the immunities granted by this section.*" (emphasis added).

4. "Although this language appears to grant or create, rather than to deny or waive, immunity from suits, its clear negative implication is that any person acting pursuant to the provisions of the act may be held liable for conduct which is lacking in good faith or is false, corrupt, malicious, or without reasonable cause." *Freach v. Commonwealth*, 471 Pa. 558, 568, 370 A.2d 1163, 1168 (1977).

5. Again we must remind counsel and the courts that immunity from suit is an affirmative defense which should be raised under the

POMEROY, Justice, concurring and dissenting.

Although I join in the majority's reversal of the order of the Commonwealth Court as to the individual defendants in this case, see *Freach v. Commonwealth,* 471 Pa. 558, 567–69, 370 A.2d 1163 (1977), I remain of the view that this Court does not have the power to abolish sovereign immunity, see *Freach, supra,* 471 Pa. at 565–67, 370 A.2d 1167–68; *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 409, 388 A.2d 709, 721 (1978) (Pomeroy, J., dissenting), and would therefore affirm the order of the Commonwealth Court as to the appellee Philadelphia State Hospital.

EAGEN, C. J., and O'BRIEN, J., join in this opinion.

heading of "New Matter" in a responsive pleading and should not be raised by preliminary objections. Pa.R.C.P. 1030; *Freach v. Commonwealth, supra* ; *Staley v. Commonwealth,* 33 Pa.Cmwlth. 22, 380 A.2d 515 (1977); *Walter v. Commonwealth,* 30 Pa.Cmwlth. 248, 373 A.2d 771 (1977); *Sharp v. Commonwealth,* 29 Pa.Cmwlth. 607, 372 A.2d 59 (1977).