J-S38001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEVON T. WARNER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| B. PIETRINI & SONS, JOHN DOE #1, | : | |
| JOHN DOE #2 & "SUPERVISOR | : | |
| MACK" | : | |
| | : | |
| Appellees | : | No. 618 EDA 2016 |

Appeal from the Order Entered January 7, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 00980 January Term, 2015

BEFORE:    GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 25, 2017**

Appellant, Levon T. Warner, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which sustained preliminary objections filed on behalf of Appellee, B. Pietrini & Sons, John Doe #1, John Doe #2, and "Supervisor Mack" (collectively Appellee).  For the following reasons, we affirm.

On January 9, 2015, Appellant filed a complaint against Appellee alleging that Appellant had been injured while working at Appellee's construction site, sometime in February 2008, when he experienced chest pains while working at the job and was taken to the hospital, where doctors diagnosed him with atrial fibrillation.  Appellant also stated a cardiologist had told Appellant at the time that he had suffered a work-related injury.  On

_____

*Former Justice specially assigned to the Superior Court.

June 26, 2015, Appellant filed an affidavit of service that he had served the complaint on Appellee by certified mail on February 26, 2015.

On October 16, 2015, Appellee filed preliminary objections to Appellant's complaint, contending: 1) improper service; 2) lack of good faith efforts to serve Appellee; 3) complaint lacked specificity; 4) Workers' Compensation Act was a complete bar to Appellant's workplace-injury claims; and 5) legal insufficiency of Appellant's claim for punitive damages and allegations of "reckless" and "wanton" conduct. Appellant filed no response to Appellee's preliminary objections. On January 7, 2016, the trial court sustained Appellee's preliminary objections and dismissed all of Appellant's claims against Appellee. Appellant timely filed a *pro se* notice of appeal on January 27, 2016. No concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) was ordered or filed.

The following represents Appellant's issues as stated in his brief:

> DID THE TRIAL COURT [ERR] AND VIOLATE APPELLANT'S RIGHTS UNDER THE 5TH AND 14TH AMENDMENT TO THE U.S. AS WELL AS THE PENNSYLVANIA CONSTITUTION, WHEN [APPELLEES] ADDED UNRELATED CRIMINAL HISTORY THAT'S NOT RELATED TO APPELLANT'S CIVIL PROCEEDINGS AND SHOWED BIASNESS AFTER [APPELLEE'S] ATTORNEY[S] ENTERED THEIR APPEARANCE?
>
> DID THE TRIAL COURT [ERR] AND VIOLATE APPELLANT'S RIGHT[S] UNDER THE 5TH AND 14TH AMENDMENT TO THE U.S. AS WELL AS THE PENNSYLVANIA CONSTITUTION, WHEN [APPELLEE] MISREPRESENTED TO THE [TRIAL] COURT APPELLANT'S WORK RELATED HEART INJURY AND COMMITTED INTENTIONAL WRONGFUL ACTS, INCLUDING [FRAUDULENT] CONCEALMENT ACTS BY THEIR

SILENCE/ADMISSIONS THAT A CIVIL ACTION WAS BEING FILED AGAINST B. PIETRINI & SONS *ET AL.*, AFTER [ACCEPTING] THE COMPLAINT, NOT RESPONDING TO IT, NOT LOGGING A REPORT IN THE OSHA MANDATED INJURY HISTORY [LOG], FURTHERMORE, [APPELLEE] TOTALLY IGNORED THE "COURT ORDERS." THE ONLY TIME [APPELLEE] PARTICIPATED WAS THE FILING "[ENTRY] OF APPEARANCE" MONTHS LATER AND "PRELIMINARY OBJECTIONS." THE COURT DOCKET CAN PROVE IT[.]

DID THE TRIAL COURT [ERR] AND VIOLATE APPELLANT'S RIGHTS UNDER THE 5TH AND 14TH AMENDMENTS TO THE U.S. AS WELL AS THE PENNSYLVANIA CONSTITUTION, WHEN THE [TRIAL] COURT DISMISSED APPELLANT'S CIVIL COMPLAINT WITHOUT ALLOWING A *PRO SE* LITIGANT, THE OPPORTUNITY TO AMEND HIS COMPLAINT, MAKE PROPER SERVICE, DENIED DISCOVERY AFTER APPELLANT SHOWED A [GOOD] FAITH EFFORT BY ANSWERING ALL COURT ORDERS TO THE BEST OF [HIS] ABILITY AND WAS DUE [DILIGENT] THROUGHOUT THIS [ENTIRE] CIVIL PROCEEDING?

DID THE TRIAL COURT [ERR] AND VIOLATE APPELLANT'S RIGHTS UNDER THE 5TH AND 14TH AMENDMENT TO THE U.S. AS WELL AS THE PENNSYLVANIA CONSTITUTION THAT THERE WAS SUFFICIENT EVIDENCE THROUGH APPELLANT'S MEDICAL RECORDS FROM UNIVERSITY OF PENNSYLVANIA HOSPITAL PROVING THAT [APPELLEE] RUSHED APPELLANT TO THE EMERGENCY UNIT AT UNIVERSITY OF PENNSYLVANIA HOSPITAL WITHOUT CALLING 911 OR AN AMBULANCE TO THE JOB-SITE FOR [HIS] HEALTH AND SAFETY, ON FEB. [19], 2008, WHEN APPELLANT SUFFERED A WORK RELATED HEART ATTACK INJURY. APPELLANT AND THE [SUPERVISOR]/MACK [WERE] FROM THE SAME LOCAL 332 UNION THAT VIOLATED THE BREACH OF CONTRACT BY CONCEALING APPELLANT'S WORK RELATED HEART INJURY?

DID THE TRIAL COURT [ERR] AND VIOLATE APPELLANT'S RIGHTS UNDER THE 5TH AND 14TH AMENDMENT TO THE U.S. AS WELL AS THE PENNSYLVANIA CONSTITUTION, IN FINDING THAT THE WEIGHT OF THE MEDICAL EVIDENCE WAS INSUFFICIENT TO SUPPORT CLAIMS THAT THERE'S

NO WAY APPELLANT HAD A HEART ATTACK INJURY PRIOR TO THE DAY OF THIS WORK RELATED HEART INJURY, WHEN THE COURTS AND [APPELLEE] HAD A COPY OF APPELLANT'S ENTIRE MEDICAL RECORDS AND BOXING LICENSE?

(Appellant's Brief at 4-5).

As a prefatory matter we note that, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. ***First Union Mortg. Corp. v. Frempong***, 744 A.2d 327 (Pa.Super. 1999) (stating *pro se* status does not entitle party to any particular advantage due to lack of legal training). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of Court. ***Jones v. Rudenstein***, 585 A.2d 520 (Pa.Super. 1991), *appeal denied*, 529 Pa. 634, 600 A.2d 954 (1991). Appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Rosselli v. Rosselli***, 750 A.2d 355 (Pa.Super. 2000), *appeal denied*, 564 Pa. 696, 764 A.2d 50 (2000) (citing Pa.R.A.P. 2101). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of brief on appeal).

The applicable rules of appellate procedure mandate that an appellant's brief shall consist of the following matters, separately and plainly entitled and in the following order:

(1)   Statement of jurisdiction.
(2)   Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.
(4) Statement of the questions involved.
(5) Statement of the case.
(6) Summary of argument.
(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
(8) Argument for appellant.
(9) A short conclusion stating the precise relief sought.
(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.
(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

Pa.R.A.P. 2111(a). Additionally, as to the argument section of an appellate brief, Rule 2119(a) provides:

**Rule 2119. Argument**

**(a) General rule.**—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Importantly, where an appellant fails to raise or properly develop his issues on appeal, or where his brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where appellant failed to set forth adequate argument concerning claims on appeal; appellant's argument lacked

- 5 -

meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite relevant authority in support of contention); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating rules of appellate procedure make clear appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide appellate review is hampered, necessitating waiver of issue on appeal).

Instantly, Appellant is *pro se* on appeal and the defects in his brief are substantial. Several required components of the brief are missing, including the order or other determination in question, a cogent standard and scope of review, an objective statement of the case without argument, a summary of the argument, an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered, or a copy of the trial court opinion. *See* Pa.R.A.P. 2111(a)-(b); Pa.R.A.P. 2117(a)-(b). The most problematic aspect of Appellant's brief, however, is his failure to provide developed arguments in support of his issues;

Appellant's argument is rambling, repetitive, and often incoherent. ***See*** Pa.R.A.P. 2119. Nonetheless, in the interest of justice, we will address only the arguments we can reasonably discern from this defective brief.

First, Appellant argues Appellee introduced evidence concerning Appellant's unrelated criminal history, creating prejudice against Appellant. Appellant requests a motion *in limine* to preclude Appellee from introducing exhibits or information related to Appellant's current incarceration. Appellant further contends the statute of limitations did not bar his claim for workers' compensation because Appellee committed acts of fraud and concealment to lull Appellant into a "false sense of security" regarding the filing of his claim. Appellant argues these acts tolled the running of the statute of limitations because he was unaware of this deception at the time. Moreover, Appellant maintains the trial court erred in dismissing Appellant's complaint due to lack of proper service. Appellant argues he was denied due process by not being allowed to amend his complaint. Additionally, Appellant contends that Appellees violated OSHA requirements by transporting Appellant to the hospital in a pick-up truck and failing to file an injury report. Finally, Appellant maintains there was sufficient evidence in his medical records to prove his injury was work-related, and Appellees refused to release discovery material in order to avoid liability. For these reasons, Appellant concludes this Court should vacate the order sustaining Appellee's preliminary objections and remand the case to be reopened for

trial. We disagree.

Appellate review in this case implicates the following general principles:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Clemleddy Const., Inc. v. Yorston*, 810 A.2d 693, 696 (Pa.Super. 2002), *appeal denied*, 573 Pa. 682, 823 A.2d 143 (2003) (internal citations and quotation marks omitted).

With respect to the filing of preliminary objections, the Pennsylvania Rules of Civil Procedure provide, in pertinent part:

> **Rule 1028. Preliminary Objections**
>
> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
>> (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
>>
>> \* \* \*
>>
>> (3) insufficient specificity in a pleading;

> (4)   legal insufficiency of a pleading (demurrer)[.]
>
> \*   \*   \*

Pa.R.C.P. 1028(a)(1), (3)-(4).  "Service of process is a mechanism by which a court obtains jurisdiction [over] a defendant, and therefore, the rules concerning service of process must be strictly followed."  ***Cintas Corp. v. Lee's Cleaning Services, Inc.***, 549 Pa. 84, 91, 700 A.2d 915, 917 (1997) (citing ***Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.***, 422 Pa. 124, 221 A.2d 185 (1966)).

> Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against….  However, the absence of or a defect in a *return of service* does not necessarily divest a court of jurisdiction of a defendant who was properly served.  The fact of service is the important thing in determining jurisdiction and...proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.

***Cintas Corp., supra*** at 91, 700 A.2d at 918 (internal citations omitted).  In other words, successful service of process is the focus of an "improper service" inquiry.  ***Id.***

Regarding service of process in actions commenced in the First Judicial District, Pennsylvania Rule of Civil Procedure 400.1(a) provides:

> **Rule 400.1   Provisions for all Courts of the First Judicial District**
>
> (a)   In an action commenced in the First Judicial District, original process may be served
>
> > (1)    within the county by the sheriff or a competent

adult, or

> (2)   in any other county by deputized service as provided by Rule 400(d) or by a competent adult forwarding the process to the sheriff of the county where service may be made.

Pa.R.C.P. 400.1(a)(1)-(2).  Rule 400(d) states:

> **Rule 400.  Person to Make Service**
>
> \*   \*   \*
>
> (d)   If service is to be made by the sheriff in a county other than the county in which the action was commenced, the sheriff of the county where service may be made shall be deputized for that purpose by the sheriff of the county where the action was commenced.

Pa.R.C.P. 400(d).   Finally, Rule 424, governing service of process on

corporations, provides:

> **Rule 424.  Corporations and Similar Entities**
>
> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1)   an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2)   the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3)   an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa.R.C.P. 424.  As a general rule, proper service of process on a corporation

in Pennsylvania cannot be satisfied by certified mail.  ***See Vogt v. Liberty***

***Mut. Fire Ins. Co.***, 900 A.2d 912 (Pa.Super. 2006) (holding court lacked personal jurisdiction over corporation because service of original process was erroneously effected by regular and certified mail).

Under Rule 1028(a)(3), the pertinent question is "whether the complaint is sufficiently clear to enable the defendant to prepare his defense," or "whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that [the defendant] may know without question upon what grounds to make his defense." ***Rambo v. Greene***, 906 A.2d 1232, 1236 (Pa.Super. 2006).

"Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim." ***Lerner v. Lerner***, 954 A.2d 1229, 1235 (Pa.Super. 2008). The pleadings standards set forth in Pa.R.C.P. 1019 specifically

> require the pleader to disclose the material facts sufficient to enable the adverse party to prepare his case. A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts. Material facts are ultimate facts, *i.e.* those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged.... Allegations will withstand challenge under [Rule] 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, and (2) they

are sufficiently specific so as to enable defendant to prepare his defense.

*Id.* at 1235-36 (quoting **Baker v. Rangos**, 324 A.2d 498, 505-06 (Pa.Super. 1974)).

Under Rule 1028(a)(4), the relevant question is whether the contested pleading is **legally** sufficient. **Weiley v. Albert Einstein Medical Center**, 51 A.3d 202, 208 (Pa.Super. 2012). A challenge in the nature of a *demurrer*, gives rise to the following scope and standard of review:

> Our review of a trial court's sustaining of preliminary objections in the nature of a *demurrer* is plenary. Such preliminary objections should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action. We will reverse a trial court's decision to sustain preliminary objections only if the trial court has committed an error of law or an abuse of discretion.

> All material facts set forth in the complaint as well as all inferences reasonably [deducible] therefrom are admitted as true for [the purpose of this review]. The question presented by the *demurrer* is whether, on the **facts** averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a *demurrer* should be sustained, this doubt should be resolved in favor of overruling it.

> Regarding a *demurrer,* this Court has held:

> A *demurrer* is an assertion that a complaint does not set forth a cause of action or a claim on which relief can be granted. A *demurrer* by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. In ruling on a *demurrer,* the court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint.

- 12 -

> Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a *demurrer* is properly sustained.

**Lerner, supra** at 1234-35 (internal citations omitted).

Regarding affirmative defenses, the Pennsylvania Rules of Civil Procedure Rule 1030 provides:

> **Rule 1030.  New Matter**
>
> (a)  Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of…immunity from suit…shall be pleaded in a responsive pleading under the heading "New Matter"….

Pa.R.C.P. 1030(a).  For example, statutory immunity from suit is not properly raised in preliminary objections to a complaint; it is an affirmative defense that should be raised in new matter in a responsive pleading. **Heifetz v. Philadelphia State Hospital**, 482 Pa. 386, 393 A.2d 1160 (1978); **Taras v. Wausau Ins. Companies**, 602 A.2d 882 (Pa.Super. 1992), *appeal denied*, 532 Pa. 657, 615 A.2d 1313 (1992) (stating statutory immunity under Workers' Compensation Act is affirmative defense that is properly raised in new matter rather than by preliminary objections to complaint).  Nevertheless:

> Where a party erroneously asserts substantive defenses in preliminary objections rather than to raise these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defenses, waives the procedural defect and allows the trial court to rule on the preliminary objections.

*Preiser v. Rosenzweig*, 614 A.2d 303, 305 (Pa.Super. 1992), *aff'd*, 538 Pa. 139, 646 A.2d 1166 (1994). *See also Fewell v. Besner*, 664 A.2d 577, 582 (Pa.Super. 1995) (stating: "Where a party improperly raises 'immunity from suit' in preliminary objections and the opposing party does not object to this defect, then the question of immunity from suit may be decided by the court").

Instantly, the trial court reasoned as follows:

> The *pro se* [Appellant], who is currently incarcerated, filed an appeal from an order entered by this Court that sustained [Appellee's] preliminary objections to the Complaint filed on January 9, 2015. That Complaint was almost completely illegible, and it contained several pages upon which the written text was [smudged] to such an extent that it was impossible to read the printed words on those pages. The Complaint contained no separate paragraphs or counts, and it did not espouse a clear theory of liability against [Appellee]. To the extent that it was possible to comprehend the Complaint, [Appellant] averred that he was injured while working for [Appellee] on a construction project. He averred that he suffered chest pains while [racking] concrete on February 19, 2008 and was taken to the hospital where he was diagnosed with atrial fibrillation. [Appellant] averred that a cardiologist named Dr. Dixon told him that he had suffered a work related injury.
>
> On June 26, 2015, [Appellant] filed an Affidavit of Service stating:
>
>> I, Levon T. Warner, *pro se* do hereby state that I served the defendant[s] B. Pietrini & Sons Construction, my civil complaint upon **certified mail** on Feb 26, 2015. According to the certified receipt[s, t]he complaint was received and signed for by Patricia Dunior on March 17, 2015. No. {7014 1200 0000 5099 2390}. Please see attached exhibits as a matter of proof/record.

Discussion

This [c]ourt [sustained] the uncontested preliminary objections filed by [Appellee] because [Appellant] failed to effectuate proper service of process against [Appellee]. This [c]ourt also [sustained] preliminary objections because the claims brought by [Appellant] were barred by the exclusivity provisions in the Workers' Compensation Act.

The address [c]ited by [Appellant] in the Affidavit of Service filed on June 26, 2015 is located in Pennsylvania; therefore, he failed to obtain personal jurisdiction over [Appellee] when he mailed the Complaint to this Pennsylvania address of 111 E. Church Road, King of Prussia, Pennsylvania 19406. Since [Appellant] failed to respond to the preliminary objections, the only evidence of record that this [c]ourt could review when deciding this matter was the Affidavit of Service.

With some limited exceptions, not applicable in this matter, the Pennsylvania Rules of Civil Procedure require deputized service of process by sheriff to obtain jurisdiction over defendants located within the Commonwealth of Pennsylvania. …

* * *

In addition to the fatal flaws in [Appellant's] method for service of process, the claims brought by [Appellant] in this matter were barred by the Pennsylvania Workers' Compensation Act. [Appellant's] Complaint clearly alleged that he was working for [Appellee] at the time of the alleged incident in February of 2008. In his Complaint, [Appellant] himself described the alleged injury as a "work related injury."

It is well established under Pennsylvania law that the Workers' Compensation Act provides the exclusive remedy to a claimant against his or her employer. 77 P.S. [§ 481]; *See also Alston v. St. Paul Insurance Companies*, 531 Pa. 261, 612 A.2d 421 (1992); *Kuney v. PMA Insurance Compan[y]*, 525 Pa. [171], 578 A.2d

- 15 -

1285 (1990); ***Santiago v. Pennsylvania National Mutual Casualty Insurance Co.***, 613 A.2d [1235], 1242 ([Pa.Super.] 1992).  The Act provides that the "liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees…in any action at law or otherwise on account of any injury."  77 [P.S.] § [481].  "[T]he exclusivity clause of the Pennsylvania Workers' Compensation Act, 77 P.S. § 481, reflects historical *quid pro quo* between an employer and employee whereby the employee is relieved of the burden of establishing fault for a work-related injury, and is compensated expeditiously.  The employer in turn is relieved of the possibility of a larger damages verdict in a common law action.  The comprehensive system of substantive, procedural and remedial laws comprising the workers' compensation system is the exclusive forum for redress of injuries in any way related to the workplace." ***Snyder v. Pocono Medical Center***, 547 Pa. 415, 419-20, [690 A.2d 1152, 1155] (1977).  Likewise, the Plaintiff cannot hold a co-employee liable at common law for any injury during employment, except for intentional wrong acts.  77 [P.S.] § [72].

The workers' compensation system was created to address workplace injuries much like the one [Appellant] suffered in February 2008.  [Appellant] in his Complaint states that he "was working on a job site" when he suffered his alleged injury and was "rushed" to the hospital.  He states that he was diagnosed with atrial fibrillation and was told by cardiologist, Dr. Dixon, that this was a work related injury.  Therefore, [Appellant's] correct path for relief would be through the channels of the workers' compensation system because the Workers' Compensation Act provides the exclusive remedy for workplace injuries such as the one alleged by [Appellant].

Conclusion

This [c]ourt did not have personal jurisdiction over [Appellee] because [Appellant] failed to comply with the Pennsylvania Rules of Civil Procedure that govern service of process.  [Appellant's] claims are equally barred by the exclusivity provisions of the Workers' Compensation Act.

(Trial Court Opinion, filed October 4, 2016, at 1-4) (internal footnote omitted). We accept the court's analysis. The court makes clear it reviewed Appellant's complaint and did not sustain Appellee's preliminary objections simply because Appellant failed to respond. *See, e.g., Dixon v. Northwestern Mutual*, 146 A.3d 780 (Pa.Super. 2016) (reiterating general principle that party's failure to respond to preliminary objections does not sustain preliminary objections by default); *Schuylkill Navy v. Langbord*, 728 A.2d 964 (Pa.Super. 1999) (stating court cannot sustain preliminary objections based solely on party's failure to file proper response).

Moreover, the trial court appropriately addressed the Workers' Compensation Act in its analysis, although statutory immunity is an affirmative defense more properly raised in new matter and not through preliminary objections. *See Heifetz, supra*; *Taras, supra*. Appellee raised "immunity from suit" in preliminary objections, but Appellant did not object; so the court was free to rule on the issue. *See Fewell, supra*; *Preiser, supra*.

As a final word, review of Appellant's complaint confirms the complaint did not meet the general pleading requirements, as it was both factually and legally insufficient. An entire page of the three and a half page document is completely illegible. The remaining pages contain an incomplete summary of the material facts and issues as well as many incoherent allegations insufficient to withstand the preliminary objections. The state of Appellant's

complaint makes it virtually impossible to achieve an accurate understanding of his claims. ***See Lerner, supra***; ***Rambo, supra***. Additionally, even if the limited information that can be drawn from Appellant's brief were true, Appellant failed to set forth a legally cognizable claim for which relief can be granted. ***See Lerner, supra***; 77 P.S. § 481. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/25/2017